UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 05-271 |
| DALBERT ADAMS | SECTION R |

## ORDER AND REASONS

On November 8, 2006, defendant Dalbert Adams pleaded guilty to possessing a firearm as a convicted felon.[1] At the time of his conviction, Adams had four previous felony convictions in Louisiana state court: unauthorized use of a movable (1997), possession of cocaine (1997), two counts of distribution of cocaine and one count of distribution of counterfeit cocaine (1998), and possession with intent to distribute marijuana and

---

[1] *See* R. Doc. 31; R. Doc. 33; R. Doc. 34. Adams's guilty plea contains an appeal waiver. R. Doc. 34 at 2. Although the Government does not raise Adams's appeal waiver in its briefing, the Court can *sua sponte* dismiss a defendant's habeas petition if the record "disclose[s] a bargained for waiver of the defendant's right to attack collaterally his conviction or sentence through any post-conviction proceeding . . . ." *United States v. Del Toro-Alejandre*, 489 F.3d 721, 723 (5th Cir. 2007). Here, Adams asserts that his sentence is unconstitutional, and the Fifth Circuit has been "hesitant to conclude that appeal-waiver clauses in plea agreements . . . prevent a defendant from [challenging] his conviction or sentence [as] unconstitutional." *United States v. Powell*, 547 F. App'x 390, 397 (5th Cir. 2014) (citations omitted). Given this hesitation, the Court will not invoke Adams's appeal waiver as a bar to his habeas claim.

possession of crack cocaine (2000).[2] On September 5, 2007, this Court sentenced Adams as an armed career criminal (18 U.S.C. § 924(e)(1)) based on his three prior convictions for "serious drug offenses"—two counts of distribution of cocaine and one count of possession with the intent to distribute marijuana.[3] Adams did not appeal his conviction or sentence.

Adams now asks the Court to vacate his sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the "residual clause" of the Armed Career Criminal Act was unconstitutional. The Court's opinion in *Johnson* did not affect, or even address, the "serious drug offense" provision of the Act.

As an initial matter, Adams's petition is procedurally barred. As noted, Adams did not directly appeal his sentence, and he is arguing for the first time on collateral review that his sentence is unconstitutional. "[C]laims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Here, Adams has not offered any explanation for his failure

---

[2] *See* R. Doc. 51-1.

[3] *See* R. Doc. 51; R. Doc. 51-1 at 3, 8.

to challenge the constitutionality of his sentence on direct appeal or how he is actually prejudiced by this error.[4]

Regardless, Adams's claim is meritless. The Court sentenced Adams as an armed career criminal because he had three previous convictions for "serious drug offenses." "Serious drug offenses" include any offense under State law that involves "distributing[] or possessing with intent to manufacture or distribute[] a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. §924(e)(2)(A)(ii). Adams's 1998 convictions for distribution of cocaine, violations of Louisiana Revised Statutes § 40:967(A), carried a maximum term of imprisonment of thirty years. La. R.S. § 40:967(B)(4)(b) (1998). Adams's 2000 conviction for possession with the intent to distribute marijuana, also a violation of Louisiana Revised Statutes § 40:967(A), carried a maximum term of imprisonment of ten years. La. R.S. § 40:967(B)(5) (2000). Thus, these offenses fit the Armed Career Criminal Act's definition of a "serious drug offense." Because no court has held that enhancing a defendant's sentence for three prior serious drug offenses is

---

[4] Although the Supreme Court did not declare the residual clause of the Armed Career Criminal Act unconstitutional until June 2015, the retroactive application of a new rule of constitutional law is not an exception to procedural default. *Beazley v. Johnson*, 242 F.3d 248, 265 (5th Cir. 2001).

unconstitutional, the Court DENIES Adams's petition for post-conviction relief.

The Rules Governing Section 2255 Proceedings provide that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing Section 2255 Proceedings, Rule 11(a).  A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U .S.C. § 2253(c)(2).  The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'"  *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).  With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir.2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons set forth in this order denying relief, Adams fails to satisfy this standard, and the Court DENIES a certificate of appealability.

New Orleans, Louisiana, this ___31st___ day of May, 2016.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE